# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS PETOFF, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 18-117 Erie |
| ) | |
| v. ) | |
| ) | |
| KEVIN SUTTER, et al., ) | Magistrate Judge Richard A. Lanzillo |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Thomas Petoff ("Plaintiff"), an inmate formerly incarcerated at the Erie County Prison, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 23, 2017. ECF No. 1. Plaintiff's motion to proceed *in forma pauperis* was granted on April 24, 2017, and his Complaint was docketed the same day. ECF Nos. 2, 3. As Defendants, Plaintiff names Warden Kevin Sutter ("Sutter"), Deputy Warden Michael Holman ("Holman"), Major Gary Seymour ("Seymour"), Inmate Service Coordinator Monica Carroll ("Carroll"), and the Erie County Prison.

Presently pending before the Court is Defendants' Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13. For the reasons set forth below, Defendants' motion will be granted.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.

1

## I. Factual Background

The allegations set forth in the Complaint are both cursory and conclusory, consisting of only five sentences. Plaintiff first alleges that "Erie County Prison rules deprived [him] of [his] right to freely exercise [his] religious beliefs." ECF No. 4. He further avers that "Kevin Sutter as Warden put . . . policies in place that are placing a substantial burden on [Plaintiff's] religious exercise." Id. The Complaint does not, however, identify any of the offending rules or policies.

Plaintiff next states that Holman "failed to setup the programs/activities for me to enjoy my faith as he's done for other faiths." Id. Plaintiff accuses Seymour of deciding "not to let [Plaintiff] congregate with other Muslims on other tiers on [his] pod to conduct congregational prayer, Jumu'ah or religious discussion (taleem)." Id. Finally, Plaintiff alleges that Carroll "failed to coordinate with an Imam to come conduct Islamic services like she's successfully done for various other religions." Id. Plaintiff contends that these incidents violated the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Id.

Defendants filed the instant motion to dismiss on June 15, 2018. ECF No. 13. Plaintiff failed to file any response. As such, this matter is fully briefed and ripe for disposition.

## II. Standards of Review

### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor

syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

2. **Motion to dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in Conley v. Gibson, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light

most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the Twombly/Iqbal line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III.    Analysis**

As noted above, Plaintiff contends that each of the five named Defendants violated his constitutional rights as secured by the First and Fourteenth Amendments and his statutory rights as set forth in the RLUIPA.  Defendants raise several arguments in opposition to Plaintiff's claims including, *inter alia*, that Plaintiff has failed to state a claim upon which relief can be granted.  Although Defendants' motion does not explicitly seek alternative relief pursuant to Rule 56, they have attached a host of exhibits to their motion to dismiss, none of which appears to have been relied upon or referenced in Plaintiff's Complaint.  Because Plaintiff's allegations lack the factual specificity required by Iqbal and Twombly, and because the Court is ever-mindful of the Third Circuit's instruction to permit *pro se* civil rights litigants an opportunity to amend their pleadings unless such amendment would be clearly futile, the Court will reject Defendants' implicit invitation to consider matters outside of the pleadings in resolving the instant motion.  Instead, each of Plaintiff's allegations will be evaluated pursuant to the familiar 12(b)(6) standard elucidated above.

Applying this standard, the Court first observes that Plaintiff has failed to supply any factual allegations to support his claims against the Erie County Prison and Warden Sutter.  His naked averments that the prison "deprived [him] of [his] right to freely exercise [his] religious beliefs" and that Sutter "put . . . policies in place that are placing a substantial burden on [his] religious exercise" are precisely the type of legal conclusions proscribed by Twombly.  Twombly, 550 U.S. at 555 (noting that a court must reject legal conclusions disguised as factual allegations); McTernan, 577 F.3d at 531 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Plaintiff's reliance on these legal conclusions warrants dismissal.

5

Plaintiff's remaining allegations, while not strictly legal conclusions, lack the factual specificity required to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 556; Iqbal, 556 U.S. 662. For example, in order to determine whether an inmate's religious exercise has been impermissibly burdened by a prison policy or regulation in violation of the First Amendment, the Court must consider: (1) whether the regulation or practice bears a "valid, rational connection" to a legitimate and neutral governmental objective; (2) whether prisoners have alternative ways of exercising the circumscribed right; (3) whether accommodating the right would have a deleterious impact on other inmates; and (4) whether alternatives exist that fully accommodate the prisoner's rights at *de minimus* cost to valid penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff's general allegation that Seymour had a policy of refusing to allow him to participate in congregational prayer or religious discussion with other Muslims lacks the level of detail required for the Court to evaluate that policy pursuant to the Turner factors. Indeed, courts in this district, including the Court of Appeals for the Third Circuit, have articulated numerous circumstances under which such policies must be upheld as reasonably related to legitimate penological interests. See, e.g., Garraway v. Lappin, 490 Fed. Appx. 440, 444-45 (3d Cir. 2012) (affirming district court's rejection of an inmate's challenge to a prison policy limiting group prayer and religious discussion for safety reasons); Rinaldi v. United States, 2015 WL 2131208, at *14-15 (M.D. Pa. May 7, 2015), *vacated in part on other grounds*, 904 F.3d 257 (3d Cir. 2018). The same is true of Plaintiff's allegation that Carroll failed to secure an Islamic Imam to conduct religious services. Garraway, 490 Fed. Appx. at 445 (rejecting Plaintiff's claim that his First Amendment rights had been violated by the prison's "refus[al] to provide a full-time Sunni Muslim Chaplain . . . while providing . . . two to three Christian chaplains for Christian inmates"). Simply put, Plaintiff has failed to allege facts from

which the Court can infer that either of those policies substantially burdened the exercise of his religion or lacked a valid, rational connection to a legitimate penological purpose.

Plaintiff's next allegation – that Holman failed to set up the same programs and activities for Muslims as he did for other religious groups – is best construed as an attempt to state a Fourteenth Amendment equal protection claim. When an inmate asserts an equal protection claim based on the allegedly disparate treatment of different religious groups, the governing standard is whether the disparate treatment is "reasonably related to legitimate penological interests." DeHart v. Horn, 227 F.3d 47, 61 (3d Cir. 2000). Plaintiff must therefore show that he was similarly situated to, and treated differently than, other inmates requesting separate religious services, and such disparate treatment was not reasonably related to legitimate penological interests. Marshall v. Pennsylvania Dept. of Corrections, 2015 WL 1224708, at *14 (M.D. Pa. Mar. 17, 2015). Plaintiff's failure to make any such allegations in his pleading is fatal to this claim.

Finally, Plaintiff appears to suggest that some or all of the foregoing conduct also violated the RLUIPA. To state a claim under that statute, a plaintiff must allege that his religious exercise has been burdened substantially by the challenged conduct. Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007). A substantial burden exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. Id. at 280. Once again, Plaintiff's Complaint contains no facts supporting either of these avenues for relief.

In short, the threadbare nature of Plaintiff's allegations, and the omission of any sort of supporting factual narrative, renders his pleading facially deficient. Although each claim will be dismissed, the Court finds it plausible that the aforementioned deficiencies might be remediable through amendment. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (instructing that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile). As such, the Court will grant Defendants' motion to dismiss, but will provide Plaintiff with an opportunity to reassert his claims by filing an amended complaint, if factually warranted.

## V. CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss (ECF No. 13) is GRANTED, without prejudice. Plaintiff may attempt to remedy the deficiencies highlighted herein by filing an amended complaint, if so desired, within 30 days of the docketing of this Memorandum Opinion. Plaintiff is reminded that an amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Williams v. Ferdarko, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting Young v. Keohane, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)). Failure to file an amended pleading within the specified timeframe will result in this action being dismissed, with prejudice.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 25, 2019